UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STACY GREFE,

                Plaintiff,

-vs-                                        Case No.  2:10-cv-152-FtM-SPC

COMMISSIONER of SOCIAL SECURITY,

                Defendant.
_____

**ORDER**

This matter comes before the Court on Plaintiff's Petition for Attorney Fees (Doc. #26) filed on January 25, 2011.  The Plaintiff in this cause sought judicial review of the Commissioner's denial of Social Security benefits.  On November 1, 2010, the Court issued an Order granting Defendant's Unopposed Motion for Entry of Judgment with Remand and remanded the Commissioner of Social Security's decision (Doc. #22) under sentence four of 42 U.S.C. § 405(g).  The Judgment was entered on November 2, 2010.

In order for the Plaintiff to be awarded an award of fees under the Equal Access to Justice Act (EAJA) the following five (5) conditions must be established: (1) the Plaintiff must file a timely application for attorney's fees; (2) the Plaintiff's net worth must have been less than two $2 million dollars at the time the Complaint was filed; (3) the Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have been substantially justified; and (5) there must be no special circumstances which would make the award unjust. 28 U.S.C. § 2412(d); Commissioner INS, v. Jean, 496 U.S. 154, 158 (1990). The Court

concludes that all five conditions of the EAJA have been met and the Defendant does not oppose the Court's finding.

EAJA fees are determined under the "loadstar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. Jean v. Nelson, 863 F.2d 759, 773 (11th Cir. 1988). There is a strong presumption that the resulting fee is reasonable. City of Burlington v. Dague, 505 U.S. 557, 562 (1992).

Determination of the hourly rate is a two step process. First, the Court determines the prevailing market rate; then if the prevailing market rate exceeds $125.00 per hour the Court determines whether to adjust the hourly rate. Meyer v. Sullivan, 958 F.2d 1029, 1033-1034 (11th Cir. 1992). The prevailing market rates must be determined according top rates customarily charged for similarly complex litigation, and are not limited to rates normally charged in Social Security cases. Watford v. Heckler, 765 F.2d 1562, 1568 (11th Cir. 1985).

In this case, Plaintiff seeks $2,864.71 and has submitted the following computation of fees:

| Name | Time | Rate | Total |
|---|---|---|---|
| Michael A. Steinberg | 2010: 16.90 hours | $169.51 an hour | $2,864.71 |

The Court finds that $169.51 per hour is a reasonable rate for the Fort Myers, Florida region. Therefore, good cause exists to pay the fees under the Equal Access to Justice Act. Furthermore, the costs and payment of fees is reasonable and allowable under the EAJA.

Accordingly, it is now

**ORDERED:**

Plaintiff's Petition for Attorney Fees (Doc. #26) is **GRANTED**.

(1) The Plaintiff Stacy Grefe is awarded attorney's fees in the amount of **$2,864.71**.

(2) The Clerk of the Court is directed to enter an Amended Judgment awarding the Plaintiff **$2,864.71.** This is payable to Attorney Michael A. Steinberg, Esq., in the amount of **$2,864.71** pursuant to the Equal Access to Justice Act 28 U.S.C. § 2142(d).

**DONE AND ORDERED** at Fort Myers, Florida, this __25th__ day of January, 2011.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record